VILÁ *v.* REGISTRAR OF PROPERTY.

APPEAL from cautionary notice of the Registrar of Property of San Juan.

No. 19.—Decided January 16, 1903.

PRESCRIPTION.—The provisions of Judicial Order of April 4, 1899, in so far as they relate to the period allowed for the prescription of ownership and other property rights have been repealed by Article 1858 of the Civil Code.

Id.—El art. 1858 del Código Civil, ha de entenderse sin perjuicio de lo que dispone el art. 1840 del propio Código, ó sea que *la prescripción comenzada antes de la publicación de dicho cuerpo legal, se regirá por las leyes anteriores al mismo.*

EXPOSICIÓN DEL CASO.

*Resultando:* que habiendo solicitado Don Gaspar Vilá y Mayans, del Juez Municipal de Rio-Piedras, en 15 de Agosto último, la conversión, en inscripción de dominio, de la de posesión de una finca rústica de su propiedad, que poseía dentro de aquél término municipal; corridos los trámites legales del expediente, y acreditado el transcurso de los seis años de posesión continua, y no interrumpida, desde la fecha de la primera inscripción de la expresada finca, declaró el Juez Municipal de dicho pueblo, por auto de 5 de Noviembre siguiente, concluso el expediente y que se librara testimonio de las actuaciones practicadas al solicitante á fin de que pudiera obtener, del Registrador de la Propiedad, la conversión interesada.

*Resultando:* que presentado dicho testimonio en el Registro, denegó el Registrador la toma de razón de la conversión acordada, fundando la denegatoria, según nota puesta por el mismo al pié del testimonio presentado, en que no habían transcurrido seis años desde la fecha de la primera inscripción de dicho inmueble, al 1º de Marzo de 1902, en que había empezado á regir el nuevo Código Civil en esta Isla, y que, por el artículo 1858 del mismo, debía entenderse derogada la Orden Judicial de 4 de Abril de 1899, en cuanto al plazo para la conversión en dominio de la posesión inscrita; y en cumplimiento de la ley sobre recursos contra las Resoluciones de los Registradores de la Propiedad, extendió nota preventiva al márgen de la inscripción primera de la finca de referencia, la que tendría efecto legal durante 120 días de su fecha.

*Resultando:* que notificada la precedente nota á Don Gaspar Vilá, suplicó se elevara el testimonio presentado á este Tribunal Supremo para la resolución que procediera, como

ID.—Section 1858 of the Civil Code is to be construed subject to the provisions contained in Section 1840 of said Code, that is, prescription which began to run before the present civil code went into effect shall be governed by the prior laws applicable thereto.

## STATEMENT OF THE CASE.

On August 15, 1902, Gaspar Vilá y Mayans applied to the Municipal Judge of Rio Piedras, praying that the entry of possession of a farm owned by him in said municipal district, be converted into record of ownership. The proceeding provided by law having been had, and the expiration of six years of continued and uninterrupted possession from the date of the first registration of the said property having been shown, the Municipal Judge of said town, in a decree of November 5th, declared the proceeding terminated and ordered that a certified copy of said proceedings be issued to the petitioner in order that he might obtain the conversion sought from the Registrar of Property. Said certificate having been presented at the Registry of Property, the Registrar refused to record the conversion applied for, giving as reasons for the refusal as stated in his decision entered at the foot of said certificate, that six years had not elapsed from the date of the first entry of said property, to March 1, 1902, when the new Civil Code had taken effect in the Island, and that by Article 1858 thereof, the Judicial Order of April 4, 1899, in so far as the same provides for the time within which the conversion of entries of possession into records of ownership, should be understood as having been repealed; and in compliance with an act to provide for appeals from the decisions of Registrars of Property, he made a cautionary entry on the margin of the first record of aforesaid property, to continue in force during one hundred and twenty days from the date thereof.

Gaspar Vilá having been notified of the foregoing decision, prayed that the certificate presented be forwarded to this Supreme Court for such decision as might be deemed pro-

así lo verificó el Registrador dentro del término legal, con la comunicación correspondiente.

Abogado del recurrente: *Sr. Palmer.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente Opinión del Tribunal.

*Considerando:* que si bien con arreglo al artículo 1858 del nuevo Código Civil, que cita el Registrador en su nota, el dominio y los demás derechos reales sobre bienes inmuebles . se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes, con buena fé y justo título, con lo que indudablemente ha quedado derogada, en lo que establecía sobre el particular, la Orden Judicial de 4 de Abril de 1899, esto debe entenderse sin perjuicio de lo que dispone el artículo 1840 del propio Código Civil, según el que, "la prescripción comenzada antes de la publicación de dicho cuerpo legal se regirá por las leyes anteriores al mismo."

*Considerando* por tanto: que habiendo transcurrido desde la fecha de la inscripción primera del posesorio de que se trata, hasta el día en que se presentó el testimonio en el Registro, más de los seis años de posesión contínua, que requería la citada Orden Judicial de 4 de Abril, para adquirir por prescripción el dominio de los bienes inmuebles, tanto entre presentes como ausentes, y á cuya disposición se le concedió expresamente efecto retroactivo, procede que se lleve á efecto por el Registrador la conversión solicitada por el recurrente Don Gaspar Vilá y Mayans.

*Vistas* las disposiciones legales citadas.

*Se revoca la nota* denegatoria del Registrador de la Propiedad de esta Capital, que ha dado motivo á la promoción del presente recurso, y se declara que procede la toma de razón en el Registro de la conversión, en inscripción de dominio, de la de posesión de la finca rústica de que se trata; y devuélvase al Registrador el testimonio presentado, con copia de la presente resolución para su cumplimiento y demás efectos correspondientes.

per, which was done by the Registrar together with the proper communication, within the time prescribed by law.

Mr. *Palmer*, for appellant.

Chief Justice Quiñones, after making the above statement of the case, rendered the following opinion of the court.

While it is true that in accordance with Article 1858 of the new Civil Code, cited by the Registrar in his decision, ownership and other property rights prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent with good faith and with a proper title, which undoubtedly repeals the provisions of the Judicial Order of April 4, 1899, on the subject, this should be understood without prejudice to the provisions of Article 1840 of the same Code, according to which "prescription which began to run before the publication of this Code, shall be governed by the prior laws"; and inasmuch as from the date of the entry of possession of the farm in question, to the day when the certificate was presented at the Registry of Property, there has been a lapse of more than the six years of uninterrupted possession required by said Judicial Order of April 4th, to acquire by prescription the ownership of real estate, both as to present and absent persons, and to which provision a retroactive effect was expressly given, it follows that the conversion applied for by appellant Gaspar Vilá y Mayans, should be made by the Registrar.

In view of the legal provisions cited above, the decision of the Registrar of Property of San Juan, which has led to the present appeal, is reversed and the conversion of the entry of possession in the Registry of Property of the property in question into a record of ownership, is declared legal and obligatory on the part of the Registrar.

The certificate presented shall be returned, together with a copy of this decision, to the Registrar of Property for compliance therewith and other proper purposes.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

## Morales Et Al v. Lopez Et Al.

### Casación procedente de la Corte de Distrito de San Juan.

#### No. 23.—Resuelto en Enero 20, 1903.

CAPACIDAD DE LOS ALBACEAS.—Al otorgar el albacea una escritura de venta que disponga expresamente, que quedando en poder del comprador parte determinada del precio, debe pagarla éste directamente á los herederos, cesa la capacidad del albacea en cuanto á los bienes objeto de la escritura de venta, sin que pueda recibir legalmente el dinero restante de la venta.

PRUEBA.—Se deja á la libre apreciación de los Jueces y Tribunales de Justicia el valor probatorio de las declaraciones de los testigos, sin más limitación que las reglas de la sana crítica.

ESCRITURAS-ESTIPULACIONES.—Cuando en una escritura de compra-venta se estipula que la parte aplazada del precio se pagará, cumplida que sea la condición establecida, no habrá lugar á una demanda para reclamar dicho precio aplazado mientras no se cumpla la expresada condición.

En este caso, un albacea, debidamente autorizado, vendió una casa perteneciente al testador, quedando siete mil pesos en poder del comprador para responder de un entredicho que gravaba la misma, y cancelado éste, los herederos reclamaron aquella suma al comprador, que alegó la había pagado al albacea: en apelación se alegó que el albacea tenía capacidad para recibir el dinero y que el pago se había hecho de buena fé. *Se resolvió:*

(*a*) CAPACIDAD DE LOS ALBACEAS.—Que aunque la capacidad de los albaceas dependía de las facultades que quisieran conferirles los testadores, esto no obstante, la del nombrado en este caso quedó terminada, por lo que respecta á la venta de la casa, desde que otorgó la escritura, dejando definitivamente establecida en ella la aplicación que debía darse á los siete mil pesos restantes del precio de la venta.

(*b*) PAGO DE LAS OBLIGACIONES.—Que el pago debió haberse hecho á los herederos del testador como únicos acreedores á cuyo favor aparecía constituida la obligación;

(*d*) ID.—Que el deudor no pudo haber hecho el pago de buena fé, pues no podía ignorar el compromiso que había contraido de pagar el dinero, con los intereses, á dichos herederos;

### EXPOSICIÓN DEL CASO.

*Resultando:* que en 14 de Noviembre de 1876 Doña Car-

Messrs. Associate Justices Hernandez, Figueras, Sulzbacher and MacLeary, concurring.